## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH DUBOIS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:14-cv-13635** |
| | ) | |
| **GC SERVICES, LP** | ) | |
| Defendant, | ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Joseph DuBois, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"); and the invasion of Plaintiff's personal privacy by this Defendant and its agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

## II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Joseph DuBois is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Norfolk County, in the state of Massachusetts.

5.  Defendant, GC Services, LP is a collection agency and foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County, in the state of Texas.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8.  Sometime before September 14, 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began

contacting Plaintiff, prior to September 14, 2014; seeking and demanding payment for an

alleged consumer debt owed under an account number.


12.  Within one year prior to the filing of this complaint, on August 2, 2014, Defendant

called Plaintiff's cellular telephone twice.  Plaintiff tired of Defendant's calls to his

cellular telephone, especially as Defendant was calling him for an individual debtor who

was not Plaintiff, a 'Tracey Cameron'.  Prior to that day, Plaintiff had been called by

Defendant at least 9 times during the months of July and August of 2014.  Plaintiff later

called Defendant back via his home telephone, on August 4, 2014, at around 4:22 p.m.,

and told Defendant to cease calling him, and that he was not the true debtor.  On August

12, 2014, Defendant again contacted Plaintiff in a willful and knowing manner, on his

cellular telephone at 2:05 p.m., through the usage of an automatic telephone dialing

machine.  Defendant did this while knowing that any continued calls to Plaintiff would

annoy and/or harass him, in violation of the FDCPA, and that Plaintiff was not the true

debtor, and that it did not have Plaintiff's invitation or permission to call him.  Plaintiff

called Defendant back that day, via his home telephone, at around  2:07 p.m., minutes

later.  Plaintiff told Defendant that he had already told it over a week beforehand to stop

calling him.  Defendant never had the prior express consent that it needed to call Plaintiff,

for any of the calls that it made to him, as he is not the true debtor.  These calls by

Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and the conduct

by Defendant was in violation of the FDCPA, including but not limited to 15 U.S.C.

§§1692c(a)(1), §1692d, and §1692f.  Defendant's conduct was also in violation of the

TCPA, including but not limited to all the provisions mentioned above or below of 47 U.S.C., § 227 et seq.

## SUMMARY

13.  All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant GC Services, LP were made in violation of numerous and multiple provisions of the FDCPA, and also were made in violation of the provisions of the TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.  The above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant GC Services, LP also constituted an invasion of Plaintiff's privacy by intrusion upon his seclusion.

14.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA; was also in violation of the provisions of the TCPA, including but not limited to all of the above mentioned provisions of the TCPA; and also constituted an invasion of Plaintiff's privacy by intrusion upon his seclusion.

15.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

16.  Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of emotional distress, frustration, upset, amongst other negative emotions, as well as in the form of an invasion of Plaintiff's privacy by intrusion upon his seclusion.

17.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

**RESPONDEAT SUPERIOR LIABILITY**

18.  The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant GC Services, LP who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant GC Services, LP.

19.  The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant GC Services, LP in collecting consumer debts.

20.  By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant GC Services, LP.

21.  Defendant GC Services, LP is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.      CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

22.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the

Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and

attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.


**SECOND CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**


26.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.


27.  The foregoing acts and omissions of Defendant and its agents constitute numerous

and multiple violations of the TCPA including, but not limited to, each and every one of

the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, such as 47

U.S.C. § 227b(1)(A)(iii), with respect to Plaintiff.


28.  As a result of the foregoing violations of the TCPA, Defendant is liable to the

Plaintiff for declaratory judgment that Defendant violated to TCPA, actual damages

pursuant to 47 U.S.C. § 227 et seq., statutory damages in an amount up to $500.00 for

each violation of the TCPA pursuant to 47 U.S.C. § 227 et seq., and treble damages

pursuant to 47 U.S.C. § 227 et seq. from Defendant herein.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

29.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.


30.  Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., when

it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, and **to invasions of
> individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).


31.  Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., when

it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by
> rule or order, exempt from the requirements of paragraph (1)(B) of this
> subsection, subject to such conditions as the Commission may prescribe such
> classes or categories of calls made for commercial purposes as the Commission
> determines **will not adversely affect the privacy rights that this section is
> intended to protect[.]**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).


32.  In enacting both the FDCPA and the TCPA, Congress sought to protect the privacy

interests of telephone subscribers and consumers, such as Plaintiff, and to place

restrictions on unsolicited telephone calls that are not for emergency purposes that are

placed to individuals' home phones and cell phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not place any calls to the phones of a consumer in violation of FCC regulations; especially if that consumer has told a debt collector such as Defendant not to call and/or that such calls would inconvenience them and/or are prohibited and/or that the consumer is not the true debtor.

33.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation **to respect the privacy of its customers**</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34.  Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect an alleged debt from Plaintiff, and thereby invaded Plaintiff's privacy.

35.  Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully contacting his cell phone using an automatic telephone dialing system, without invitation and/or his express consent, or it being for emergency purposes, when it

10

already had been given reason to know by the consumer that this would be unacceptable and/or that such conduct would harass and/or annoy him and/or that he was not the true debtor; and thereby invaded Plaintiff's right to privacy.

36.  Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Plaintiff to pay on it, which amounted to conduct to intentionally and maliciously harass, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

37.  Upon information and belief, Defendant and its agents had knowledge of both the FDCPA and the TCPA and what is lawful action under it prior to calling Plaintiff, yet they continued to contact him in an illegal manner.

38.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns, and private affairs.

39.  The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

40.  All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

41.  As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## VI.   __PRAYER FOR RELIEF__

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, intentional and/or negligent TCPA violations, and actual damages from Defendant for the invasion of Plaintiff's privacy by intrusion upon seclusion; in respective amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled statutory damages pursuant to the TCPA, 47 U.S.C. § 227 et seq.

D. Punitive damages.

E.  A permanent injunction, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendant

from initiating any telephone calls to Plaintiff in violation of the regulations prescribed

under the TCPA; and

F. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).

G. For such other and further relief as the Court may deem just and proper.

Dated:   September 16, 2014              RESPECTFULLY SUBMITTED,
                                          By: /s/ Kevin Crick
                                          Kevin Crick, Esq.
                                          BBO:  680950
                                          Consumer Rights Law Firm, PLLC
                                          33 Main St., Second Floor
                                          North Andover, Massachusetts 01845
                                          Phone: (978) 420-4747
                                          Fax: (978) 409-1486
                                          kevinc@consumerlawfirmcenter.com
                                          **Attorney for Plaintiff Joseph DuBois**